STATE v. WILLIAM FRANK GASTON.

193 N. W. 2d 319.

December 30, 1971—No. 42417.

*Seth R. Phillips,* for appellant.

*Warren Spannaus,* Attorney General, *James M. Kelley,* Assistant Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

PER CURIAM.

Defendant has been convicted of robbery and appeals from a post-conviction order denying him relief. The issues are whether his representation by counsel was adequate and whether he should have been permitted to withdraw his plea of guilty because, as he alleges, he was not accorded the benefit of a plea bargain.

There is no dispute but that defendant's plea of guilty was induced by an agreement, in which the court acquiesced, that his maximum sentence would be reduced from 20 years to 10 years and that it would run concurrently with an unexpired sentence he was already serving. However, defendant now claims that in addition he was promised he would not be obliged to testify against an accomplice. Subsequent to his conviction, he was found in contempt and sentenced to 10 days for refusing to so testify.

We find no merit in defendant's claim. The record shows that he had competent representation by retained counsel which resulted in his securing a reduced sentence. The prosecutor conducted a painstaking presentence interrogation of defendant in which he was careful to specify the concessions made for the plea of guilty, which did not include immunity from testifying. That claim was not asserted either to the sentencing court or to the postconviction court and was raised for the first time on appeal. The record amply supports the postconviction court's findings that defendant was adequately represented and that his plea was not induced by any agreement between court and counsel which was not honored in imposing sentence.

Affirmed.